Case 8:10-cv-01216-CJC-MLG   Document 3   Filed 09/03/10   Page 1 of 2   Page ID #:28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 10-01216-CJC(MLGx)                    Date: September 3, 2010

Title: <u>ROBERT LEWIN V. PETER SZANTO</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                         <u>     N/A     </u>
Deputy Clerk                                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT OR STAYED PENDING RESOLUTION OF THE BANKRUPTCY PROCEEDINGS**

Cross-complainant Peter Szanto, acting *pro se*, removed this action from state court on August 11, 2010.  A district court must remand a case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. §1447(c).  A federal court has subject matter jurisdiction over a case that either raises a question under federal law or is between diverse parties and involves an amount in controversy of over $75,000.  28 U.S.C. §§ 1331, 1332.

It is unclear what the underlying action is about, or why Mr. Szanto believes the Court has subject matter jurisdiction over that action.  It is also unclear why Mr. Szanto seeks removal of the state court action at such a late stage in the proceedings.  Mr. Szanto attaches an *ex parte* motion filed by cross-defendant, Robert Lewin, in the state court, asserting that it is a "pleading."  However, motions are not pleadings.  It is impossible to tell whether the Court has subject matter jurisdiction over this case without knowing the claims.  It appears that Mr. Szanto may believe that the Court has subject matter jurisdiction over the state case because Mr. Lewin is in bankruptcy.  He cites 28 U.S.C. § 1334, which states that the district courts have original subject matter jurisdiction over case "arising under title 11, or arising in or related to cases under title 11."  Thus, Mr. Szanto's attempts to continue litigating this action may be violation of the automatic stay that he admits has been entered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01216-CJC(MLGx)                             Date:  September 3, 2010
                                                                                                      Page 2

      Therefore, the Court, on its own motion, hereby orders Peter Szanto to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction or stayed pending resolution of the bankruptcy proceeding.  Mr. Szanto shall file a response to the Court's order to show cause by September 20, 2010.  Any other parties will then have until September 27, 2010, to file and serve their replies.  Upon the filing of the replies, the matter will stand submitted.

jhp

MINUTES FORM 11
CIVIL-GEN                                                                                       Initials of Deputy Clerk MU